DA 09-0615

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 84N

KEVIN NELSON,

        Petitioner and Appellant,

v.

DAN BUCKS, DIRECTOR, STATE OF MONTANA
DEPARTMENT OF REVENUE,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2009-006
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Kevin Nelson (Self-Represented), Billings, Montana

        For Appellee:

        Michele Crepeau, Courtney Jenkins, Special Assistant Attorneys General,
Helena, Montana

Submitted on Briefs: March 24, 2010

Decided: April 20, 2010

Filed:

_____
Clerk

Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Kevin Nelson (Nelson) appeals the Thirteenth Judicial District Court's order denying his motion for summary judgment and granting the summary judgment motion filed by the Montana Department of Revenue (DOR). We affirm.

## ISSUE

¶3    The dispositive issue on appeal is whether the District Court erred in denying Nelson's motion and granting DOR's.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    In 2007 and 2008, the city of Billings submitted applications to DOR to create multiple "tax incentive financing districts"[1] (TIFDs or districts) to accommodate retailer interest in developing agricultural property in the Billings area. DOR approved the applications and Billings established the desired TIFDs. Nelson disagreed with the process by which Billings and DOR created these new districts, arguing that he had a right to participate in the decision-making process under "public right to participate" and

---

[1] Creating a TIFD is a method by which municipalities may "capture" certain tax dollars and use them to pay for costs associated with developing or improving the TIFD. *Fallon County v. State*, 2009 MT 454, ¶ 15, 354 Mont. 347, 223 P.3d 886.

2

"open meeting" laws. In early 2009, he filed two declaratory judgment petitions in the District Court which were subsequently consolidated. In July and August 2009, both parties moved for summary judgment. Following a hearing, the District Court granted DOR's motion and denied Nelson's.

## STANDARD OF REVIEW

¶5 We review a district court's grant or denial of summary judgment de novo applying the same criteria of M. R. Civ. P. 56 as did the district court. *Smith v. Burlington Northern & Santa Fe Ry.*, 2008 MT 225, ¶ 10, 344 Mont. 278, 187 P.3d 639 (citations omitted). Summary judgment may be granted only when there is a complete absence of genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c).

## DISCUSSION

¶6 *Did the District Court err in denying Nelson's summary judgment motion and granting DOR's?*

¶7 Nelson challenges the District Court's conclusion that the laws granting the public the right to participate in the TIFD decision-making process and requiring agencies to conduct open meetings were not violated. He also argues that the District Court abused its discretion by not considering the Private Property Assessment Act, §§ 2-10-101 to -105, MCA, and the Administrative Procedure Act (APA), § 2-4-101(2)(a)-(c), MCA, in its analysis.

¶8 DOR counters that neither the "right-to-participate" laws nor the open meeting laws apply to DOR's review of materials submitted for purposes of certifying a TIFD.

3

DOR states that the constitutional right to participate is triggered by "agency action" of "significant interest to the public." It asserts that "review of materials" for TIFD certification constitutes neither "agency action" nor is it "of significant public interest." Additionally, DOR opines that Nelson's complaints under the open meeting laws lack merit as "[n]o genuine issue surrounds the material fact that the parties did not reach any decisions at the October 2008 meeting capable of voidance by the Court." DOR notes that the other meeting Nelson complains of in his brief was an open meeting which Nelson attended. Lastly, DOR argues that we should decline to address the remaining issues Nelson raises on appeal as he failed to meaningfully raise them before the District Court.

¶9 The District Court ruled that no genuine issues of material fact pertaining to Nelson's "right to participate" and open meeting claims existed and that DOR was entitled to judgment as a matter of law. Reciting the three-step process courts undertake to determine whether open meeting laws have been violated as set forth in *Common Cause v. Statutory Comm.*, 263 Mont. 324, 329, 868 P.2d 604, 607 (1994), the court concluded that step 3—whether a voidable decision was made during the meeting—was not satisfied. Without the existence of a voidable decision, the District Court can provide no relief. Additionally, the court held that DOR's review of TIFD documents and submissions does not constitute "agency action." As such, it is not subject to the "right-to-participate" laws. The District Court's order does not address Nelson's other claims.

4

¶10    We conclude that the District Court did not err in its ruling on the "right to participate." It is undisputed by the parties that no voidable decision was rendered at the challenged meetings. The court's interpretation and application of the *Common Cause* three-step process was appropriate and correct. Moreover, the court's interpretation that the definition of "agency action" under § 2-3-102(2), MCA, does not include review of TIFD certification documents is not error. Such review simply does not meet the applicable statutory definition. Lastly, our review of the record indicates that Nelson failed to meaningfully raise his claims pertaining to the Private Property Assessment Act and the APA in the District Court. Therefore, we decline to address these claims on appeal.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because there is clearly sufficient evidence to support the District Court's findings of fact and the issues are clearly controlled by settled Montana law which the court correctly interpreted.

## CONCLUSION

¶12    For the foregoing reasons, we affirm the District Court's denial of Nelson's summary judgment and its grant of DOR's motion.

/S/ PATRICIA O. COTTER

5

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON